UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL HEFFNER-MAINS<br><br>       Plaintiff<br><br>vs.<br><br>UNITED RECOVERY<br>SERVICES, INC.<br><br>       Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br><br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Rachel Heffner-Mains, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Rachel Heffner-Mains, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Rachel Heffner-Mains, is an adult natural person residing at 310 Coffeetown Rd., Dillsburg, PA 17019-9708. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, United Recovery Services, Inc., ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Tennessee, with its principal place of business located at 101 Southeast Parkway Court, Suite 100, Franklin, TN 37064.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about May 16, 2011, Plaintiff started to receive messages from Defendant's agent, "Karl", stating that he was calling on an important business matter.

8. Defendant's agent, "Karl", stated that the Plaintiff needed to call back as soon as possible or this matter would be turned over to an attorney.

9. Plaintiff called the Defendant back.

10. Defendant's agent, "Karl", informed the Plaintiff that he was calling on an alleged debt owed on a Citi account.

11. Plaintiff was told that she owed the Defendant approximately $5,339.00.

12. Defendant's agent, "Karl", demanded to know how much the Plaintiff could pay that day.

13. On that same day, the Plaintiff informed the Defendant that she had retained the services of personal legal counsel to assist her in her debt settlement negotiations.

14. Plaintiff asked the Defendant to call her attorney directly on this matter.

15. Defendant's agent, "Karl", became angry with the Plaintiff stating that her attorney was not helping her with her debt and she needed to deal with it immediately.

16. Defendant's agent, "Karl", told the Plaintiff that the Citi does not work with "third parties" and they would not work with the Plaintiff's attorney.

17. Plaintiff again asked the Defendant to please call her attorney.

18. Plaintiff was told that her legal counsel was ruining her credit.

19. Plaintiff again tried to get the Defendant to call her attorney in regards to a settlement.

20. Defendant's agent, "Karl", would not let the Plaintiff off the phone and continued to tell the Plaintiff that her legal counsel would only cause her problems if she continued to work with them.

21. Defendant's agent, "Karl", told the Plaintiff that he was currently looking at her credit report.

22. Defendant's agent, "Karl", went on to state that he could see that Plaintiff's legal counsel had not settled any of the accounts that the Plaintiff was probably making payments on.

23. Plaintiff explained that she knew this was not true because she had received letters from past creditors about paid off accounts.

24. Defendant's agent, "Karl", continued to badger the Plaintiff telling her that she was not telling the truth.

25. On this same call, Defendant's agent, "Karl", threatened the Plaintiff that if she did not make payment arrangements her wages would be affected.

26. Plaintiff was told that the Defendant would move forward with the account and send it to their legal department.

27. Plaintiff attempted to end the call.

28. Defendant' agent, "Karl", would not allow the Plaintiff off of the phone.

29. Defendant's agent, "Karl", tried to convince the Plaintiff to settle the account for $2,600.00.

30. Plaintiff explained to Defendant that she could not afford to make this payment.

31. Defendant's agent, "Karl", became frustrated and transferred the Plaintiff's call to an agent by the name of "Clayton".

32. Plaintiff asked Defendant's agent, "Clayton", to please call her attorney on this matter.

33. Defendant's agent, "Clayton" also stated that the Defendant would not settle this account with the Plaintiff's attorney.

34. Defendant demanded that the Plaintiff settled this account on her own.

35. Defendant's agent, "Clayton", told the Plaintiff that she entered into a contractual agreement with Citi and it was her obligation to pay the bill and the interest.

36. Defendant's agent went on to tell the Plaintiff that she was in "breach of contract" for not making payment arrangements with the Defendant on her Citi account.

37. Defendant's agent, "Clayton", then told the Plaintiff that he was able to "fix" the Plaintiff's credit.

38. Plaintiff was told that she needed to make a payment of at least $1,200.00.

39. Defendant's agent, "Clayton", explained to Plaintiff that at least half of the amount had to be paid that day.

40. Plaintiff again let the Defendant know that she could not pay and that the Defendant needed to call her attorney.

41. Defendant's agent, "Clayton", asked the Plaintiff how much she was paying her attorney.

42. Plaintiff would not give Defendant this information.

43. Defendant continued on this same call telling the Plaintiff that Citi will never work with her attorney.

44. Plaintiff was again threatened with garnishment.

45. Before ending the call, Defendant's agent, "Clayton", told the Plaintiff that she was just going to end up in court because she was not dealing with her obligation.

46. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, fear, frustration and embarrassment.

47. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

48. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such persons in connection with the collection of a debt.

49. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

50. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

51. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

52. The above paragraphs are hereby incorporated herein by reference.

53. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

54. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692c(a)(2) | | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4) | | Non-payment of dent will result in garnishment |
| §§ 1692e(5) | | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, United Recovery Services, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

55. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

56. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

57. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

58. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

59. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

60. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

61. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

62. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. Actual damages;

   b. Treble damages;

   c. An award of reasonable attorneys fees and expenses and costs of court; and

   d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

63. The foregoing paragraphs are incorporated herein by reference.

64. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

65. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

66. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

  b.  Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c.  Defendant failed to comply with the FDCPA and FCEUA which are *per se* violations of the UTPCPL.

  67.  As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

  68.  By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

  **WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

  a.  An Order declaring that Defendant violated the UTPCPL;

  b.  Actual damages;

  c.  Treble damages;

  d.  An award of reasonable attorney's fees and expenses and cost of suit; and

  e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date: July 28, 2011

BY: /s/Brent F. Vullings
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff